IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  **CASE NO. 1:CR-09-010-01**
:
**v.**  :
:
**DWAIN WILLIAMS**  :

## **M E M O R A N D U M**

**I.** **Introduction**

Before the court is a motion by Petitioner Dwain Williams to vacate, set aside or correct a sentence pursuant to 28 U.S.C. 2255 (doc. 154). The Government has responded to the motion and no reply brief has been filed; therefore, the matter is ripe for disposition. The procedural history of this case is adequately set forth in the Government's responsive brief (*see* doc. 163 at pp. 2-3) and will not be repeated herein.

**II.** **Williams' Claims of Ineffective Assistance of Counsel**

Williams contends that his trial counsel and his appellate counsel were incompetent. As to trial counsel, he alleges that, "counsel filed a meritless suppression motion, leaving out all the totality of circumstances that she strenuously argued in the Suppression Hearing; had she done so by putting to paper (in her motion to suppress) that issue would then have to had been decided by the court very differently." (Doc. 155 at p. 3.)

As to appellate counsel, Williams claims that counsel should have argued that this court erred in denying the motion to suppress his post arrest statement, arguing

> had appellate counsel picked up the suppression transcripts, he could have argued all the valid points in the Petitioner's Miranda Warning/Fifth Amendment claim since the trial counsel did layout in argument in the suppression; instead, appellate counsel chose to argue a meritless confrontational clause argument which failed miserably.

(Doc. 155 at p. 4.)

### III.  Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (ed cir. 2005). With the above precepts in mind, Williams' claims will be addressed.

**IV.     Discussion**

At the suppression hearing, defense counsel argued that, due to Williams' use of heroin and his alleged head injury, Williams was dizzy and high and, therefore, was incapable of knowingly and voluntarily waving his *Miranda* rights. The Government in its response points out that Williams' argument regarding

the deficiencies of trial counsel are rebutted by the record.  Williams concedes in his brief that trial counsel strenuously argued the grounds for the motion.  Williams claims, however, that the argument was not strenuously put forth in the written brief in support of the motion to suppress.   Williams, however, in his claim against appellate counsel alleges:

> Had Appellate Counsel picked up the suppression transcripts, he could have argued all the valid points in the Petitioner's Miranda Warning/Fifth Amendment claim <u>since the trial counsel did layout in argument in the suppression</u>; instead appellate counsel chose to argue a meritless confrontational clause argument which failed miserably.

(Doc.  155 at p.  4 (emphasis added).)  Thus, Williams concedes that trial counsel effectively raised the central issues involved in the suppression hearing.  The issue of incompetency of trial counsel is meritless.

Appellate counsel is accused of incompetency for not raising the suppression issue on appeal.   At the suppression hearing, this court heard testimony from fact witnesses, medical records, and testimony of Williams.  This court found that, based on the totality of the circumstances, that Williams' version as to his arrest and *Miranda* warnings was not credible.  The credibility determination was supported by the record and not likely to be overturned on appeal.  As the Government points out in its responsive brief, Williams does not identify any errors of law on which appellate counsel could have based an appeal on this court's suppression decision.  The claim of incompetency of appellate counsel is without foundation.

**V.        Conclusion**

For the reasons stated above, Williams' motion filed pursuant to 28 U.S.C. § 2255 will be denied.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  June 27, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**    :    **CASE NO. 1:CR-09-010-01**
:
**v.**    :
:
**DWAIN WILLIAMS**    :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion filed pursuant to 28 U.S.C. § 2255 (doc. 154) is **DENIED**.

2) The Clerk of Court shall close the file.

3) This court declines to issue a certificate of appealability.

                       s/Sylvia H. Rambo
                       United States District Judge

Dated: June 27, 2012.